FILED
2023 SEP 29 PM 1:36
CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| RYAN GREGORY BRACKEN,<br><br>Plaintiff,<br><br>v.<br><br>FREEDOM MORTGAGE,<br><br>Defendant. | **REPORT AND RECOMMENDATION TO DENY MOTION TO PROCEED *IN FORMA PAUPERIS* (DOC. NO. 1)**<br><br>Case No. 2:23-cv-00528<br><br>District Judge Jill N. Parrish<br><br>Magistrate Judge Daphne A. Oberg |

Before the court is Plaintiff Ryan Gregory Bracken's Motion to Proceed *In Forma Pauperis* (without paying fees).[1]  Under 28 U.S.C. § 1915, a federal court may authorize commencement of an action without prepayment of fees by a person who is unable to pay such fees.[2]  To proceed *in forma pauperis* under section 1915, Mr. Bracken must show a financial inability to pay the required filing fee.[3]

The information Mr. Bracken provided with his motion is insufficient to determine if he qualifies for waiver of the filing fee.  For one thing, Mr. Bracken failed to report his average monthly income during the past twelve months.[4]  Mr. Bracken left this field blank except for a single statement, indicating, "I don't have income I make a living."[5]  When asked to report his

---

[1] ("Mot.", Doc. No. 1.)

[2] 28 U.S.C. § 1915(a)(1).

[3] *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005).

[4] (Mot. 2, Doc. No. 1.)

[5] (*Id.*)

assets, Mr. Bracken indicated he owns a home worth $408,500 and stated, "I don't have a motor vehicle I have a 'private' household automobile."[6]  But he failed to provide a numerical value for that automobile.[7]  Mr. Bracken answered "N/A" across all other sections of the motion.

For these reasons, the court issued an order to supplement, noting Mr. Bracken's motion is deficient.[8]  The court instructed Mr. Bracken to refile his motion to provide additional, necessary information by September 18, 2023, and warned him that failure to do so could result in the motion being denied.[9]  Mr. Bracken did not supplement his motion within the deadline in the court's order, or anytime thereafter.  Because Mr. Bracken did not correct the deficiencies, he has failed to show financial inability to pay the filing fee.

Accordingly, the undersigned RECOMMENDS[10] the district judge DENY the motion.[11] The undersigned further RECOMMENDS Mr. Bracken be given thirty days in which to pay the filing fee.  The court will send copies of this Report and Recommendation to Mr. Bracken, who the court notifies of his right to object to it.[12]  Mr. Bracken must file any objection to this Report

---

[6] (*Id.* at 4.)

[7] (*Id.*)

[8] (Order to Suppl. Mot. to Proceed *In Forma Pauperis*, Doc. No. 5.)

[9] (*Id.* at 2.)

[10] IFP status is generally denied through a report and recommendation issued by a magistrate judge.  *See, e.g.*, *Johnson v. Hertz Corp.*, No. 22-6092, 2022 U.S. App. LEXIS 29345, at *2 (10th Cir. Oct. 21, 2022) (unpublished) (affirming IFP denial based on a magistrate judge's report and recommendation adopted by the district court).

[11] (Doc. No. 1.)

[12] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).

and Recommendation within fourteen days.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 29th day of September, 2023.

BY THE COURT:

_____
Daphne A. Oberg
United States Magistrate Judge